THE STATE, DEFENDANT IN ERROR, v. JOSEPH SERRI-
TELLA, PLAINTIFF IN ERROR.

Submitted March 16, 1916—Decided June 6, 1916.

Section 70*a* of the act entitled "An act for the punishment of crimes (Revision, 1898)," (*Comp. Stat., p.* 1769), declares it to be a misdemeanor to purchase certain articles therein described from any minor under the age of sixteen years which may have been stolen. *Held,* that in the prosecution of a defendant under this statute, it is not necessary to prove that the purchaser knew that the goods had been stolen. It is sufficient if it appears that the goods were purchased from a minor under the age of sixteen years, and that they were stolen.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

For the plaintiff in error, *McDermit & McDermit.*

For the defendant in error, *Frederick F. Guild.*

The opinion of the court was delivered by

BERGEN, J.  The defendant was convicted under an indictment charging him with buying and purchasing from three boys, "minors under the age of sixteen years, certain scrap lead and junk of a metallic nature, which had theretofore been stolen."  Section 70a of the statute entitled "An act for the punishment of crimes (Revision, 1898)," (*Comp. Stat., p.* 1769), declares that any person who shall buy or purchase, among other things stated, any jewelry, hardware, waste metals, plumbers' or builders' supplies or fixtures, metal pipes or conduits, and junk of a metallic nature, from any minor under the age of sixteen years, which may have been stolen, shall be guilty of a misdemeanor.  This judgment of conviction the defendant seeks to review by a writ of error, and has procured the certificate of the trial judge that the record presented is the entire record of the proceedings had upon the trial of the indictment, as permitted by section 136 of the act relating to criminal procedure.  *Comp. Stat., p.* 1863. This record shows that two or three boys, admittedly under the age of sixteen years, stole certain lead pipe from an unoccupied house and carried it to the defendant who bought the lead from these boys.  One of the boys who was with the other two when the lead was sold to the defendant, but who did not participate in the stealing, testified that he went with the two boys to the place of business of the defendant but did not enter the yard where the sale was made, although he saw that the lead was being weighed and that when the boys returned they had no lead, but they had money, "eighty-nine cents, I think."  On cross-examination this witness testifies as follows:

"*Q.* How much money did they give you out of the eighty-nine cents?

"*A.* They didn't give me nothing.

"*Q.* Why?

"*A.* They took the lead themselves; I didn't take it.

"*Q.* You knew that they took it, did you?

"*A.* I met them.

"*Q.* You know that they had taken the lead?

"*A.* I met them on Nassau street and they said they took it on Orange place."

Counsel for the defendant then asked the court to strike out "That they took it on Orange place." To this an exception was sealed, but when the court instructed the jury he read this part of the testimony to them and then instructed the jury that he would strike out so much of the answer as read "On Orange place," and that the jury should not consider the words stricken out, so that the answer would read, "I met them on Nassau street and they said they took it." The error alleged is, that this answer should have been stricken out entirely because it was not responsive. We do not take this view. This question was put by counsel for the defendant on cross-examination and the evident purpose of the examination was to affect the credibility of the witness by showing that he knew that the lead was stolen. "The question was, you knew that they had taken the lead," and the answer disclosed all the knowledge the witness had on that subject, that is, that he met the boys with the lead and they told him that they had taken it on Orange place. There was no error in this ruling.

The next point is, that the court erroneously stated to the jury "that Deprasto had testified that the other boys were with him." The error urged is, that the court did not make any distinction between the different occasions when the sales were made to the defendant. This objection seems to be without any merit because Deprasto had testified that at the time the lead was sold for eighty-five cents, the occasion upon which the state elected to rest its case, the others boys were with him.

The next point is, that the court erroneously charged the jury "That Deprasto was corroborated by one of the other boys." The other boy was the witness who testified that he saw Deprasto and another boy go into defendant's yard with this lead and that he saw it weighed and met the boys after they came out, and that they had eighty-nine cents. But the point of the argument is, that Deprasto testified that he got eighty-five cents, and that the corroborating witness testified that it was eighty-nine cents, and also that Deprasto said they carried it there in sacks, and the other witness said that they carried it in dish-pans. That Deprasto was corroborated by this witness to the extent that the lead was carried by the two boys to the defendant and purchased by him is perfectly clear, and it is unimportant whether the amount they received was eighty-five cents or eighty-nine cents or whether the lead was in dish-pans or sacks, for the controlling matter is, that this defendant purchased from the two boys, both under sixteen years of age, lead which it afterwards turned out was stolen, and that the corroborating witness saw the lead purchased by the defendant.

The next point urged is, that the court improperly charged the jury that a witness by the name of Miller had testified that the property from which the lead had been stolen, on Orange place, was entered in the month of May. This witness did so testify, although an inference might be drawn from his testimony that the house had been entered at other times, nevertheless he did say that it had been entered in May, and this was about the time that the goods were sold to the defendant.

The next point is, that the court erroneously instructed the jury that the boys stole the pipe. The answer to this is that Deprasto himself testified to that fact and there is no evidence to the contrary.

The next point is, that it was error to instruct the jury that the only dispute in the case was the fact of the sale to the defendant. What the court said was, "That they sold the pipe to the defendant is the only element of the case that is in dispute. There is no contention on the part of the de-

fendant that it was not stolen, but he says he did not buy it; he says that he never even saw these boys." The statute provides that any person who shall buy or purchase, among other things, metal pipe or junk of metallic nature, from any minor under the age of sixteen years, which may have been stolen, shall be guilty of a misdemeanor. Under this statute it is not necessary to show that the purchaser knew the goods to have been stolen. It is sufficient if the purchase be made of a person under the age of sixteen years, and that the goods were stolen. In this case it was shown that the junk purchased was stolen and that the purchase was made from a minor under the age of sixteen years. These two facts were not disputed. The only question in dispute was whether the defendant made the purchase. The witnesses for the state testified that he did, and the defendant, testifying on his own behalf, not only denied the purchase, but said that he had never seen these boys, and therefore the court was quite correct in saying that the only matter in dispute related to the purchase of the goods.

The next point made is, that it was error to charge that the date that the purchase was made was not material. We think the charge should be read in view of the facts developed in the case, and that was, that while the precise day in the month of May was not fixed, there was evidence that it did occur in the month of May, 1915, which we think was sufficient.

The next point made is, that it was error to charge that under this statute the state was not bound to prove that the defendant knew the goods were stolen. That this instruction properly interpreted the statute we have above indicated.

The only other point raised is, that the trial court in charging the jury commented upon the importance of the case to the community, and in explaining why it was important said, that purchases of this character often led young boys astray, and that if it were not for people who bought such goods from children, they could not dispose of them, and therefore the temptation to steal would be removed. He also told the jury that they should consider the importance of the

matter to the defendant; that it was a very serious thing to be accused of a crime and to be compelled to answer an accusation of such a character as the one under consideration, and that he was presumed to be innocent in the eyes of the law until he was proven guilty. We see no legal error in the matter last complained of. It is quite a common thing for the court in charging the jury in criminal cases to impress upon them the importance of a just conclusion of the matter in dispute, important to the community for the purpose of preventing crime, important to the defendant because of the consequences which the law imposes if he should be found guilty.

We find no error in this record, and the judgment is affirmed.